IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STRUBE CELERY AND VEGETABLE CO. | : | |
| Plaintiff | : | |
| v. | : | Civil No. 08 C 1485 |
| THE EGG STORE, INC., a/t/a | : | **JUDGE MANNING** |
| KUEHNLE EGG & PRODUCE, et al | : | **MAGISTRATE JUDGE SCHENKIER** |
| Defendants | : | |

**MOTION FOR TEMPORARY RESTRAINING ORDER WITH NOTICE**

Upon the verified affidavit of Bob Fotopolous, and the accompanying memorandum in support, plaintiff moves the Court to issue a temporary restraining order under Rule 65 of the Federal Rules of Civil Procedure enforcing the statutory trust pursuant Section 5(c) of the Perishable Agriculture Commodities Act ("PACA"), 7 U.S.C. §499e(c), by restraining the transfer of any and all assets of The Egg Store, Inc., a/t/a Kuehnle Egg & Produce, except for payment to plaintiff in the amount of $98,640.50, pending either payment to plaintiff's counsel by cashiers or certified check of $98,640.50 or a further hearing to be set within ten (10) days of the issuance of a Temporary Restraining Order.

| | |
|---|---|
| McCARRON & DIESS | LAW OFFICES OF WILLIAM B. KOHN |
| By  /s/ Mary Jean Fassett | By:  /s/ William B. Kohn |
| Mary Jean Fassett, ID#9078552 | William B. Kohn |
| 4900 Massachusetts Ave., N.W. | 150 N. Wacker Drive |
| Suite 310 | Suite 1400 |
| Washington, DC 20016 | Chicago, Illinois 60606 |
| (202) 364-0400 | (312) 553-1200 |
| (202) 364-2731 – fax | (312) 553- 1733 -- fax |
| mjf@mccarronlaw.com | kohn@wbkohnlaw.com |
| | Attorneys for Plaintiff |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STRUBE CELERY AND VEGETABLE CO. | : | |
| Plaintiff | : | |
| v. | : | Civil No. <u>08 C 1485</u> |
| THE EGG STORE, INC., a/t/a | : | **JUDGE MANNING** |
| KUEHNLE EGG & PRODUCE, et al | : | **MAGISTRATE JUDGE SCHENKIER** |
| Defendants | : | |

**TEMPORARY RESTRAINING ORDER**

This matter is before the Court upon plaintiff's Application for Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure. After careful consideration of the record, the Court makes the following findings of fact and conclusions of law.

<u>FINDINGS OF FACT</u>

1. Strube Celery and Vegetable Co. ("Strube") is a dealer in perishable agricultural commodities, i.e., produce, and is licensed under the provisions of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499a et. seq.

2. The Egg Store, Inc., a/t/a Kuehnle Egg & Produce purchased wholesale quantities of produce and is a dealer as that term is defined by the PACA, and subject to and licensed under the PACA as a dealer.

3. Rod J. Kuehnle and James A. Kuehnle are the officers and directors of The Egg Store, Inc., a/t/a Kuehnle Egg & Produce and were in direct control of all operations of the company during the period of time in question.

4. Between December 3, 2007, and February 8, 2008, plaintiff Strube sold and delivered to defendant The Egg Store, Inc., a/t/a Kuehnle Egg & Produce, in interstate commerce, wholesale amounts of produce items worth at least $98,640.50, which remains unpaid.

5. Plaintiff sent invoices to defendant The Egg Store, Inc., a/t/a Kuehnle Egg & Produce that contained the language required by 7 U.S.C. §499e(c)(4).

6. Plaintiff has not been paid any monies by defendants for the $98,640.50 worth of commodities that it sold to defendants, and defendants have acknowledged that they owe the debt, but are unable to pay plaintiff at this time.

7. Defendants are failing to comply with their statutory duties under 7 U.S.C. §499e(c) to hold $98,640.50 in trust for benefit of plaintiff and to pay said sum to plaintiff.

## CONCLUSIONS OF LAW

1. A debt of at least $98,640.50 to plaintiff is owed for produce delivered to defendants.

2. Strube is a beneficiary of the trust required to be maintained by defendants under 7 U.S.C. §499e(c) and the enabling regulations at 7 CFR 46.46 in the unpaid, qualified amount of $98,640.50.

3. The likelihood of irreparable harm to plaintiff is great because absent injunctive relief, defendants will continue to violate their statutory duties, resulting in dissipation of trust assets that will be difficult or impossible to recover.

4. There is little harm to defendants in granting an injunction, which only requires defendants to do that which they are required to do under the statute, i.e., maintain the trust required by statute.

5.      The public interest is furthered by the granting of a temporary restraining order.  The statute itself states that the trust law was established to benefit the public interest which had suffered due to nonpayment for produce.

6.      The Court has determined that the bond requirements of FRCP 65(c) are not applicable to this case because defendants already have at least $98,640.50 worth of trust assets from plaintiff as security for the issuance of this Order.

Based on the foregoing, the Court finds that the plaintiff will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted.

Therefore, it is by the United States District Court for The Northern District Of Illinois,

**ORDERED, ADJUDGED AND DECREED** that defendants, The Egg Store, Inc., a/t/a Kuehnle Egg & Produce, Rod J. Kuehnle, and James A. Kuehnle , their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, shall not alienate, dissipate, pay over or assign any assets of the defendant corporation, The Egg Store, Inc., a/t/a Kuehnle Egg & Produce, or their subsidiaries or related companies except for payment to plaintiff until further order of this Court or until defendants pay plaintiff the aggregate sum of $98,640.50 by cashiers check or certified check at which time the Order is dissolved.

**ORDERED** that in the event the above-referenced defendants fail to pay plaintiff the aggregate sum of $98,640.50 by cashiers or certified check within five (5) days of service of this Order, then the defendants shall file with this Court with a copy to plaintiff's counsel an accounting which identifies the assets and liabilities and each account receivable of The Egg Store, Inc., a/t/a Kuehnle Egg & Produce, signed under penalty of perjury; and that defendants shall also supply to plaintiff's attorney, within ten

- 4 -

(10) days of the date of this Order, any and all documents in connection with their assets and liabilities and related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns, and bank statements for the last three (3) months.

Bond shall be waived in view of the fact that defendants now hold at least $98,640.50 of plaintiff's assets.

This Temporary Restraining Order is entered this \_\_\_\_\_ day of _____, 2008, at \_\_\_\_\_ \_\_.m.

_____
United States District Judge